# WILHOIT

v.

# CITY OF NORTH OLMSTED.

Rocky River Municipal Court,
Cuyahoga County, Ohio.

No. 08 CVH 4459.

Decided Feb. 26, 2009.

Robert C. Aldridge, for petitioner.

James M. Dubelko, North Olmsted Law Director, and Brian O'Malley, Assistant Law Director, for respondent.

HAGAN, Judge.

{¶ 1} This matter was heard upon the oral arguments and written briefs of the petitioner, Kevin T. Wilhoit, and the respondent, the city of North Olmsted, on petitioner Wilhoit's motion in replevin for return of property.

{¶ 2} On April 5, 2008, Wilhoit was charged with domestic violence in connection with an incident involving his spouse. In connection with the investigation and as the result of the court's issuance of a temporary protection order ("TPO") on April 7, 2008, Wilhoit was ordered to surrender any and all firearms to the North Olmsted Police Department. The case was resolved when Wilhoit pleaded to an amended charge of a fourth-degree misdemeanor threat of domestic violence, in violation of R.C. 2919.25(C). Wilhoit, after a presentencing investigation, was sentenced accordingly.

{¶ 3} On October 31, 2008, Wilhoit filed a motion for the return of seized property. The court denied the motion on November 19, 2008. Wilhoit subsequently filed his civil petition in replevin.

{¶ 4} Federal law proscribes the possession of firearms for those convicted of an offense of domestic violence:

It shall be unlawful for any person * * * who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. 922(g)(9).

{¶ 5} A "misdemeanor crime of domestic violence" is one that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a former or current spouse." 18 U.S.C. 921(a)(33)(A)(ii).

{¶ 6} Wilhoit was originally charged with domestic violence. Wilhoit pleaded no contest to and was convicted of the reduced charge of threat of domestic violence in violation of R.C. 2919.25(C).

No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.

{¶ 7} Wilhoit's conviction of threat of domestic violence, in violation of R.C. 2919.25(C), is a misdemeanor crime of domestic violence (by threat of force), however, not a crime of domestic violence as defined in 18 U.S.C. 921(a)(33)(A) (the threatened use of deadly weapon) that would disqualify him from possessing firearms. Wilhoit is not prohibited from possessing any firearms or ammunition, and therefore, said property is subject to return as a matter of law.

{¶ 8} Petitioner's motion in replevin for return of property is hereby granted.

So ordered.